

Jaime A. Santos
+1 202 346 4034
JSantos@goodwinlaw.com

Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036

goodwinlaw.com
+1 202 346 4000

April 6, 2023

**VIA ECF**

Peter R. Marksteiner
Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re:   Nos. 2022-2217, -1021, *United Therapeutics Corp. v. Liquidia Technologies, Inc.*
      Response to Appellant's Submission of Supplemental Authority (ECF 33)

Dear Mr. Marksteiner:

UTC submits this letter to respond to Liquidia's Rule 28(j) letter, which attaches a PTAB decision on rehearing, again concluding the claims of the '793 patent are unpatentable as obvious. Liquidia Letter 2. (Yesterday UTC noticed its appeal of that decision.) The fact that the PTAB has reached the same outcome on a new rationale—after acknowledging that it made errors, Rehearing Decision 5—does not change the fundamental problem with Liquidia's argument. A nonfinal PTAB decision, applying a different standard of proof than the district court would, does not negate the scienter element of inducement.

As the Supreme Court made clear in *Commil*, only *actual invalidation*—not belief about invalidity, however vehement—defeats an inducement claim. Liquidia emphasizes (Letter 2; Reply Br. 17-18) that scienter is an element of inducement, but that misses the point: under *Commil*, scienter does not turn on an accused infringer's mental state *regarding invalidity*. UTC Response Br. 25-27. Again, it is only actual invalidation that matters. And a patent's claims are not actually invalidated by an IPR decision—not when it issues, UTC Response Br. 29-31, and not after rehearing.

Liquidia's argument relies on *Commil*'s discussion of the 12-to-18-month statutory timeframe for IPR decisions (575 U.S. at 645, cited at Letter 2). That grasps at descriptive dicta but ignores the Supreme Court's holding. UTC Response Br. 28. Nothing in *Commil* upends what the statute makes clear: a PTAB decision has no effect until appeals are exhausted. That has not happened here, because UTC has timely appealed.

Liquidia insists that its scienter was negated the moment the first decision issued. Reply Br. 15. The rehearing decision that Liquidia's letter emphasizes illustrates why Liquidia's position cannot be correct: Liquidia relies on a first decision that the agency itself admitted was flawed and required



Peter R. Marksteiner
April 6, 2023
Page 2

reconsideration.  A PTAB decision subject to appeal is not the final word.  It does not invalidate a patent, it does not give rise to collateral estoppel in district court (as Liquidia acknowledges), and it does not negate the district court's finding of Liquidia's scienter.  The PTAB's rehearing decision carries no greater weight.

Sincerely,

/s/ *Jaime A. Santos*

Jaime A. Santos