

Jaime A. Santos
+1 202 346 4034
JSantos@goodwinlaw.com

Goodwin Procter LLP
1900 N Street, NW
Washington, DC  20036

goodwinlaw.com
+1 202 346 4000

May 30, 2023

**VIA ECF**

Peter R. Marksteiner
Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re:   Nos. 2022-2217, -1021, *United Therapeutics Corp. v. Liquidia Technologies, Inc.*
      **Response to Appellant's Submission of Supplemental Authority (ECF 58)**

Dear Mr. Marksteiner:

This letter responds to Liquidia's correspondence regarding the Supreme Court's *Amgen* decision. Nothing in *Amgen* undermines the district court's conclusion that the '793 patent enables the full scope of UTC's claims to a method of treating pulmonary hypertension using a "therapeutically effective single event dose" of treprostinil, as that term was defined by the district court's unappealed claim construction.  UTC Principal Br. 31-45.

Liquidia cites *Amgen* for two unremarkable propositions: first, that a specification must enable the "entire class of" claimed methods; and second, that one way to enable a "broad" claim is to identify a "quality common to the claimed subject matter."  Liquidia Letter 1 (quoting *Amgen*) (quotation marks and brackets omitted).  The Supreme Court did not break new ground in reiterating those established rules and affirming this Court's decision.  Indeed, the "quality common" language dates to the 19th century.  *See Amgen*, 2023 WL 3511533, at *8, *9 n.1.

Here, the district court construed a "therapeutically effective single event dose" to mean a "dose that causes an improvement in a patient's hemodynamics"—*i.e.*, the claimed method of treatment does not require curative treatment, complete abatement of symptoms, or the clinical gold standard. Appx52, Appx63.  Applying that construction, the district court made a factual finding that administering treprostinil in the dosage and by the methods claimed and taught by the specification improves the hemodynamics of patients in all five PH groups.  UTC Principal Br. 39-43.  The '793 patent thus straightforwardly enables treating "the entire class of" PH patients as claimed.  This is not a patent that uses "a few examples" plus "trial-and-error" to claim a genus of millions of undescribed candidates.  *Amgen*, 2023 WL 3511533, at *9-10.



Peter R. Marksteiner
May 30, 2023
Page 2

Liquidia argues—as it did in its brief—that isolated Group 2 patients "will not respond to the vasodilatory effects of treprostinil." Liquidia Letter 1-2. But the district court rejected that argument as a matter of fact, and Liquidia has not shown clear error in that finding. *See* UTC Principal Br. 39-41.

At bottom, Liquidia's letter identifies nothing new and relevant in *Amgen* and merely seeks to re-hash factual disagreements.

Sincerely,

/s/ *Jaime A. Santos*

Jaime A. Santos

cc: all counsel of record (via ECF)